## No. 13,042.

### BLUM v. KASIK.
(10 P. [2d] 384)

Decided March 7, 1932.

Mr. THEO. J. ADAMS, for plaintiff in error.

Mr. EDWARD H. ELLIS, Mr. CHAS. W. FEIGEL, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

KASIK had judgment for $540 in the district court of Boulder county against Blum, sheriff of Boulder county. The suit was for treble damages under section 5921, C. L. of 1921, for the illegal sale of Kasik's automobile alleged to be exempt from execution. Blum seeks a reversal of this judgment.

The record discloses that in a former action brought in the district court of the City and County of Denver, Robert E. Venuti recovered judgment for $424 on a cognovit note against Kasik, defendant in error, who was not served personally with summons therein and did not appear in person. Execution thereunder was issued to plaintiff in error, Blum, who took possession of Kasik's 1927 Pontiac Sedan. Kasik claimed his automobile was exempt from execution because used in his business and so notified Blum and demanded its return. Thereupon, Venuti, through his attorney, sent a purported notice by mail to Kasik at his last known address, that he would apply to the Denver district court to have Kasik's motion claiming exemption under the statute heard and determined. Kasik had made no such motion and did not appear in the Denver district court

on the date set in the notice and, notwithstanding, the Denver court thereupon denied said claimed exemption and ordered the sheriff of Boulder county to advertise and sell Kasik's automobile. This order was ignored by Blum who temporarily returned the automobile to Kasik and, after an indemnity bond had been furnished him, retook possession of said automobile and sold it after another claim of exemption and demand for return had been made by Kasik.

Plaintiff in error contends that the Denver district court having acquired jurisdiction first, its determination of the question of exemption was conclusive on the Boulder county district court.

■ Assuming, but not deciding, that the Denver district court had the power to determine the question of exemption in a summary manner and to direct the sheriff of Boulder county to sell the automobile, this power could not properly be exercised in the absence of Kasik's request or consent to have the matter so determined. He did neither.

Upon the question of the method of disposition of claims for exemption, the following appears in 25 C. J. 148, §279: ''Express provision is made by statute in some jurisdictions for the determination of the right to exemption in a summary manner and the debtor may avail himself of such a remedy without resorting to his ordinary remedy by action, and on the contrary such a remedy is not exclusive unless the statute so provides. But in the absence of statute where the facts are not admitted, the court cannot assume the prerogative of a jury and pass upon the debtor's right to an exemption in a summary manner.''

■ Our statutes are silent as to the method of such determination. Thereunder, a debtor claiming property exempt from threatened execution could pursue one of two courses. He could submit himself to the jurisdiction of the court out of which the execution was issued and ask that it determine his claim of exemption or he could

notify the sheriff in possession of the property claimed to be exempt of such claim and demand its return and, in the event of sale thereafter, pursue the remedy provided by the statute for such illegal sale. In the circumstances, Kasik was within his rights in pursuing the latter course, the district court of Boulder county having jurisdiction over the litigants and subject matter including power to determine the issue of exemption.

Judgment affirmed.

Mr. Chief Justice Adams and Mr. Justice Butler concur.